ESTHER F. BRICE, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. ATLANTIC COAST ELECTRIC RAILWAY COMPANY (BODY CORPORATE) AND EASTERN NEW JERSEY POWER COMPANY (BODY CORPORATE), DEFENDANTS.

Argued March 4, 1925—Decided February 8, 1926.

1. Where an accident involving death occurred on August 15th, 1923, and an action to recover damages for said death was commenced in August, 1924, by the general administratrix of the deceased, which was tried in January, 1925, it is not error for a trial judge to admit in evidence letters of administration *ad prosequendum* granted in January, 1925, and to permit an amendment of the pleadings in this respect. Such a ruling is within the exercise of the discretionary power of the trial judge. The defendants were not harmed by the ruling, as the twenty-four calendar months prescribed by the statute in which suit could be instituted had not expired.

2. On the morning of August 15th, 1923, a severe storm had blown over trees, telephone poles and caused telephone, fire alarm and electric light wires to become entangled. B., an experienced linesman, was engaged in the afternoon of the same day in repairing the fire alarm wires. B. ascended a pole with a broken fire alarm wire in his hand. On this pole were located a fire alarm wire at the top, an electric light wire below, and a telephone cable below the electric light wire. B. sat on the telephone cable, started to draw the fire alarm wire taut to splice it when at some point the fire alarm wire came in contact with the electric light wire. B. received through his hand to his body a current of electricity of two thousand three hundred volts, which killed him. B. wore no rubber gloves for his protection, which are customarily used in such work—*Held*, that under these circumstances a verdict rendered in favor of B.'s personal representative was against the weight of the evidence on the question of B.'s contributory negligence.

3. An offer of testimony as to what B. during the day of August 15th, 1923, had told several people as to the bad conditions under which he was working, as to a shock which he had received, and as to warnings which had been given him, was improperly excluded, as said statements were admissions by a privy to the suit, were not remote, and were relevant upon the question of B.'s contributory negligence.

On defendant's rule to show cause.

Before Justices PARKER and KATZENBACH.

For the plaintiff, *Ward Kremer*.

For the defendants, *Charles E. Cook*.

The opinion of the court was delivered by

KATZENBACH, J. This case is before us on a defendant's rule to show cause. The action was tried at the Monmouth Circuit. The plaintiff is the administratrix *ad prosequendum* of the estate of Frank O. Brice, deceased. The defendants were four in number. During the progress of the trial a nonsuit was entered as to the defendants, the borough of Belmar and the Atlantic Coast Electric Railway Company. A verdict was rendered against the other two defendants, the Atlantic Coast Electric Light Company and the Eastern New

Jersey Power Company. The amount of the verdict was $12,000.

Frank O. Brice was a lineman. In August, 1923, he was employed by the borough of Belmar as an independent contractor to keep in repair the fire alarm system of that borough. On August 15th, 1923, at six A. M., a severe storm of wind and hail occurred in the borough of Belmar. The storm was of unusual severity. Old inhabitants stated that it was the worst storm they had ever experienced in that locality. To illustrate the severity of the storm, it was shown that a large building, known as the Murphy Casino, was blown down and the debris carried a distance of from three hundred to three hundred and fifty feet. An ice wagon weighing two thousand four hundred and fifty pounds, carrying a load of ice weighing four thousand five hundred pounds, was blown over on its side. Trees were uprooted. Branches and limbs were severed therefrom. Telephone poles were blown down. Wires of the electric light company, telephone company and the borough fire alarm system became entangled and out of order. The borough authorities immediately after the storm directed Brice to get into operation the fire alarm system. In the course of his work he came between four and five o'clock in the afternoon to a pole located at Tenth avenue and A street. The pole belonged to the New York Telephone Company. On the top of the pole the fire alarm wires had been placed. Below these were the electric light wires. Lower on the pole was hung a telephone cable. At this point a wire of the fire alarm system was broken off at the cross-arm located on the pole. The wire had fallen to the ground. Brice put on spurs. He ascended the pole, carrying the fire alarm wire in his hand. He then sat on the telephone cable. On his left hand he wore a canvas glove. His right hand was bare. He proceeded to pull on the wire of the fire alarm system which he held in his hand. His purpose was to get the wire taut and then splice it. As he was in this act the fire alarm wire came in contact at some point with an electric light wire. This electric light wire carried a current of two thousand

three hundred volts. The current passed through the hand of Brice to his body. He dropped dead.

Investigation disclosed that at a point a block off, namely, Ninth avenue and A street, the insulation of the fire alarm wire and the electric light wire had been burned off. It was probable that the fire alarm wire when pulled by Brice had touched the electric light wire at this point. The current from the electric wire by this contact was communicated to the fire alarm wire and thence to the body of Brice.

Suit was instituted to recover damages for the death of Brice. The negligence charged appears to be imperfect construction and the placing of the wires in such a manner as to facilitate crossing and short circuiting. Subsequent to the time of the accident the Atlantic Coast Electric Light Company was merged with the Eastern New Jersey Power Company. The verdict was rendered against both these companies.

There are fifteen grounds of reversal. Some of these grounds have been abandoned and others have been consolidated in the argument presented. The contention is made that the Eastern New Jersey Power Company cannot be held for the tort of the Atlantic Coast Electric Light Company unless it appears that liability was assumed at the time of the consolidation and by the instrument of consolidation. The approval of a merger agreement by the board of public utility commissioners was marked *"Exhibit A"* for identification and offered in evidence. The printed case does not show that it was received in evidence. There was, however, no objection to its reception. It will therefore be considered as in evidence. The defendant has not printed it. We are therefore not in a position to say that the court erred in recognizing it as an assumption of liability for torts theretofore committed by the Atlantic Coast Electric Light Company. The Corporation act provides that a new corporation formed by the merger of two or more corporations shall have attached to it all the debts, liabilities and duties of each of the former corporations. It, therefore, seems to us that there is no merit in the point that the Eastern New Jersey Power Company was not a proper defendant.

The defendant further contends that the plaintiff had not the status of an administratrix *ad prosequendum* at the time of the institution of the suit, and that this was necessary. The accident occurred on August 15th, 1923. The suit was begun in August, 1924. The trial took place in January, 1925. The plaintiff was well within the twenty-four calendar months prescribed by the statute. It appears that the plaintiff had not taken out letters *ad prosequendum,* but had taken out general letters of administration upon her husband's estate. This error was discovered during the trial, and letters *ad prosequendum* were granted. These letters were then offered in evidence. An objection was made thereto by counsel for the defendant. The court received the letters in evidence and treated the objection made as a motion to nonsuit and overruled the motion. We think that the defendants were not harmed by this proceeding, and that it was within the discretionary power of the court to receive the letters *ad prosequendum* in evidence, although granted subsequent to the institution of the suit.

The claim is made that the damages are excessive. Brice was a skilled workman earning $2,500 a year. He was thirty-five years old. He gave his wife $25 a week. He also paid for his wife's clothes. There were no children of the marriage. We do not, however, consider that $12,000 under such circumstances is excessive.

We now come to consider what we deem to be the meritorious questions of the case. The contention of the defendants is that the conduct of Brice in ascending the pole without wearing rubber gloves, which are customarily used in such work, constituted contributory negligence. The conditions which confronted Brice at the time of his death have been fully stated. He knew these conditions. He knew that the fire alarm wire was broken and that the electric light wire was in close proximity to it. He knew the electric light wires carried a current of high voltage. He knew the entangled condition of the wires. He must, or should have known, that by pulling on the fire alarm wire it might cross the electric light wire and receive from it the dangerous current therein. Under these circumstances he ascended the

pole, sat upon the metal cable and attempted to pull the wire taut with his bare hand. With the knowledge of all these conditions he chose not to use the customary protection of rubber gloves. We think the action of Brice failed to show the exercise of reasonable care upon his part to prevent the accident, and that the verdict is against the weight of the evidence upon the question of his contributory negligence. We are not prepared to say that the question of the contributory negligence of Brice was not a jury question.

The defendants further contend that there was no evidence in the case of negligence upon the part of the defendants. In view of the testimony relating to the character of the construction of the defendants' lines at Ninth avenue and A street, we cannot say that there was no evidence of negligence. We think the trial court ruled properly in failing to direct a verdict on the ground that the plaintiff had failed to offer any evidence of negligence.

The defendants have also argued the question of the rejection by the trial court of testimony which was offered to show that the deceased had said to various persons on the very afternoon he was killed in respect to the dangerous conditions under which he was working. The exact words do not appear because the questions were excluded. The offer by the defendants was to show that Brice had told several people during the day that he knew things were in bad shape; that he had already received a shock, and that he had been warned to be very careful. The trial judge considered this testimony as if offered under the doctrine of *res gestæ*. We are of the opinion that the trial judge erred in overruling this offer. The testimony which the defendants sought to put in evidence were admissions by a privy to the suit—that is, by Brice, in whose right the plaintiff was suing. The evidence was in no sense remote. The warning and remarks were made upon the same day as the accident occurred. Assuming that a person had said to Brice as he started to to climb the pole, "Let those wires alone; they are crossed and I can see sparks at the crossing down on the next corner," and, nothwithstanding this warning, Brice had ascended the pole, would not such testimony be competent on the ques-

tion of contributory negligence? It seems to us that there is no difference in principle between the illustration given and the testimony which the defendant sought to offer. This testimony was material on the subject of contributory negligence. In the case of *Brooks* v. *Consolidated Gas Co.,* 70 *N. J. L.* 211, warnings given to the deceased are referred to and were therefore received in evidence. To the same effect is the case of *Clark* v. *Public Service Electric Co.,* 86 *Id.* 144.

This disposes of the questions argued. For the reasons herein given the rule to show cause is made absolute.